# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 02-1504MN

_____

Franklin P. Kottschade,                    *
                                           *
                Appellant,              *
                                           *
    v.                                     *
                                           *
City of Rochester,                         *
                                           *
                Appellee.               *
                                           *
    --------------------------             *
                                           *
American Forest and Paper                  *
Association; Building Industry Legal        *
Defense Fund of Southern California;       *   On Appeal from the United
California Building Industry                *   States District Court
Association; International Council of       *   for the District of
Shopping Centers; National Association *       Minnesota.
of Industrial and Office Properties;       *
National Association of Real Estate        *
Investment Trusts; National Association *
of Realtors; Real Estate Roundtable;       *
and Rochester (Minnesota) Area             *
Builders,                                  *
                                           *
      Amici on Behalf of Appellant,      *
                                           *
League of Minnesota Cities; National       *
League of Cities; and International         *
Municipal Lawyers Association,             *
                                           *
      Amici on Behalf of Appellee.       *

_____

Submitted: October 10, 2002
Filed: February 13, 2003
_____

Before RILEY, RICHARD S. ARNOLD, and SMITH, Circuit Judges.
_____

RICHARD S. ARNOLD, Circuit Judge.


Franklin P. Kottschade, a developer, brought this claim under 42 U.S.C. § 1983 against the City of Rochester, charging that the City had taken his property for public use without just compensation, in violation of the Fifth Amendment. He now appeals from a District Court[1] dismissal for failure to state a claim upon which relief can be granted. Because Mr. Kottschade has not exhausted his state court remedies, as required by current takings jurisprudence, we affirm the District Court's dismissal of his complaint.

In the mid-1990's Mr. Kottschade sought a conditional use permit from the City of Rochester to build a townhouse project on a 16.4 acre parcel of property which he had acquired in 1992. In June of 2000, the City granted him a permit for a townhouse project on part of his property, subject however to nine specific conditions. These conditions included requirements that provisions be made for increased vehicular and pedestrian traffic, storm water management, and dedicated parkland. Mr. Kottschade alleges that the nine conditions, taken together, which were placed on his proposal to build townhouses on the land, were out of proportion to the impact this development of the property would have had on the City of Rochester, and that they

---

[1]The Hon. Ann D. Montgomery, United States District Judge for the District of Minnesota.

-2-

rendered the project an economic impossibility, thus in effect taking his property without just compensation.

Mr. Kottschade unsuccessfully appealed both to the city's zoning Board of Appeal and to the city's Common Council to eliminate all of the conditions. He then filed this action challenging the constitutionality of the conditions attached to the permit, and requesting just compensation under the Fifth Amendment. The City of Rochester moved to dismiss, arguing that, under Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172 (1985), Mr. Kottschade could not bring a constitutional takings claim in federal court before obtaining a final decision from the city, and that the suit was wrongly brought in federal court in the first instance since it was not yet ripe, given that state court procedures remained available to the plaintiff.

The District Court dismissed the action, concluding that until Mr. Kottschade sought relief in a state-court inverse-condemnation action and had relief denied, the claim of taking without just compensation was not ripe for decision in a federal court. In this appeal Mr. Kottschade argues that the Supreme Court decisions in Williamson and City of Chicago v. International College of Surgeons, 522 U.S. 156 (1997), when read together, permit him to bring a claim for relief under the Fifth Amendment Just Compensation Clause in federal court in these circumstances.

I.

We review a District Court's grant of dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim de novo. All facts alleged in the complaint are taken as true and construed in the light most favorable to the plaintiff. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994). A motion to dismiss should not be granted unless the plaintiff can prove no set of facts entitling him to relief. Such is the case here, and so we affirm the District Court's dismissal of the claim. Until

Mr. Kottschade has exhausted his state court remedies, his claim may not be brought in federal court.

Mr. Kottschade's constitutional claim is brought under the Just Compensation Clause of the Fifth Amendment, which provides, "[N]or shall private property be taken for public use, without just compensation." Mr. Kottschade argues that dismissal of his claim by the District Court was improper because, despite the Supreme Court's holding in Williamson, the 1997 City of Chicago decision modifies the earlier case in such a way as to permit him to seek a remedy initially in federal court. He asks us to reconcile these two Supreme Court holdings. The plaintiff requests that this Court acknowledge that City of Chicago has modified the requirements laid out in Williamson with respect to procedures plaintiffs must follow in seeking just compensation for takings of property. Under Williamson, a property owner "has not suffered a violation of the Just Compensation Clause until the owner has unsuccessfully attempted to obtain just compensation through the procedures provided by the State for obtaining such compensation." 473 U.S. at 195. City of Chicago is said to have modified this holding by permitting plaintiffs in takings cases to file claims in federal court first as a matter of course. We have held that these procedures include the filing and prosecution of an action for inverse condemnation in the state courts. McKenzie v. City of White Hall, 112 F.3d 313, 317 (8th Cir. 1997); Collier v. City of Springdale, 733 F.2d 1311, 1317 (8th Cir. 1984).

What the plaintiff actually asks is that this Court find that the Supreme Court's decision in City of Chicago overrules Williamson in part, specifically its holding that "[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." 473 U.S. at 195. But as the District Court noted, City of Chicago's holding addresses only the question of federal-question jurisdiction over a ripe takings claim. It does not explicitly answer the question of what is necessary to render a takings claim ripe. The Supreme Court

-4-

has not explicitly overruled or modified the ripeness requirements laid out in Williamson in the context of takings cases. The requirement that all state remedies be exhausted, and the barriers to federal jurisdiction presented by res judicata and collateral estoppel that may follow from this requirement, may be anomalous. Nonetheless Williamson controls the instant case. Compare this perceived gap in Supreme Court jurisprudence with this Court's observations in Commonwealth of Puerto Rico v. Branstad, 787 F.2d 423 (8th Cir. 1986). There this Court declined to declare that a Civil War case, Com. of Kentucky v. Dennison, 24 How. 66 (1861), had been implicitly overruled, while registering its view that the holding of the case had been substantially eroded. Within a year the Supreme Court had overruled Dennison. Puerto Rico v. Branstad, 483 U.S. 219 (1987). Whether something similar should occur here is for the Supreme Court to say, not us.

The Supreme Court in Williamson defined the exhaustion requirement to include judicial as well as administrative remedies: "the exhaustion requirement generally refers to administrative and judicial procedures by which an injured party may seek review of an adverse decision and obtain a remedy if the decision is found to be unlawful or otherwise inappropriate." 473 U.S. at 193. Unlike the appellee in Williamson, who had not sought variances from a planning commission's imposition of requirements for development, Mr. Kottschade has already sought variances, which have been denied. However, he has not yet pursued a postdeprivation remedy in state court, as is required by Williamson and subsequent jurisprudence.

The plaintiff points out, and justly so, that if he is required to seek a postdeprivation remedy in a state-court inverse-condemnation action, he may end up being altogether denied a federal forum for what is undoubtedly a federal right. Such a federal forum, he urges, is guaranteed by 42 U.S.C. § 1983 and its jurisdictional counterpart, and a plaintiff has a right to bring a § 1983 claim in a federal trial court, at his option. If plaintiff must go to the state courts, he would presumably need to show, in order to prevail in an inverse-condemnation action, that a taking had

occurred, and that just compensation had not been paid. If the state courts hold for the plaintiff, then all is well, from his point of view, and there would be no need for recourse to a federal forum. But if they hold against him, for example, on the ground that no taking has occurred, doctrines of former adjudication may be a bar to a new action under § 1983 in a federal trial court. The difficulty is not unlike that which arises when a federal court decides to abstain from the exercise of jurisdiction, remitting the plaintiff, in the first instance, to his state remedies. See Note, Consequences of Abstention by a Federal Court, 73 Harv. L. Rev. 1358, 1365-68 (1960). In the abstention context, the Supreme Court has held that a plaintiff required to resort first to the state courts may reserve his federal claims, submitting to the state courts only claims arising under state law. In this way, if the plaintiff loses in the state courts, his way to the federal forum will not be barred by doctrines of former adjudication. See England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411 (1964). Plaintiff suggests that a similar framework would be at least a partial solution to his problem. If he must go to the state courts first, he says, we should hold now that whatever those courts do adverse to the plaintiff will not bar him from later filing a federal case on his Takings Clause claim.

The suggestion has the virtue of logic and is tempting, but we think the part of prudence is to decline it at this stage of the case. We do not know what the result of any state-court action may be. Perhaps plaintiff will win in the state courts. Perhaps he will lose there, but then obtain Supreme Court review on the merits, a review that would at least afford him an appellate federal forum and would be unquestionably conclusive on the lower federal courts. Plaintiff may seek to reserve his federal claims when he files his state-court complaint, and the state courts, by analogy to England, might honor this reservation. Other possibilities suggest themselves. The point is this: it is simply too early to say now exactly what res judicata or collateral-estoppel argument might be appropriate in the future, and exactly what the answers to any such argument might be. We understand that deferring a decision on this point is frustrating to the plaintiff, but the federal courts do not sit to decide questions in

-6-

the abstract. If the plaintiff goes to the state courts and loses, and then files a 42 U.S.C. § 1983 action in a federal court, that court, subject to appropriate appellate review, will be in a much better position to determine the effect of the prior state-court adjudication.

The judgment of the District Court, dismissing the complaint for failure to state a claim on the ground that the case is not yet ripe under the <u>Williamson</u> line of authority, is affirmed. This action is without prejudice to the right of the plaintiff, if he files a state-court case and loses, to file a new action in a federal court and make whatever arguments he wishes with respect to the effect of the prior state-court adjudication.

Affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.